# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:10CR00035 |
| v. ) | OPINION |
| ) | |
| JOHN LOCKE HAMBY, JR., ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Ashley B. Neese, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

In this criminal prosecution for receipt of child pornography, I set forth the reasons for the sentence imposed.

I

The defendant, John Locke Hamby, Jr., pleaded guilty without a plea agreement to the charge of knowingly receiving and attempting to receive child pornography in violation of 18 U.S.C.A. § 2252 (a)(2) (West 2000 & Supp. 2010). Under the Sentencing Guidelines, the defendant's advisory sentencing range is 324 to 405 months of imprisonment.[1] Because Hamby has a prior criminal history of

---

[1] I overruled the defendant's several objections to the probation officer's guideline calculation as contained in the Presentence Investigation Report ("PSR") and adopted the officer's calculation.

sexual offenses involving minors, there is a 15-year statutory mandatory minimum term of imprisonment. 18 U.S.C.A. § 2252A(b)(1) (West Supp. 2010).

"The Guidelines provide a framework or starting point . . . for the judge's exercise of discretion" in sentencing. *Freeman v. United States*, No. 09-10245, 2011 WL 2472797, at *5 (U.S. June 23, 2011). Accordingly, I must begin the sentencing process by "correctly calculating the applicable Guidelines range," *Gall v. United States*, 552 U.S. 38, 49 (2007), but I may reject a sentence within that range "because a sentence within the Guidelines fails to reflect the other [18 U.S.C.] § 3553(a) factors or 'because the case warrants a different sentence regardless.'" *United States v. Evans*, 526 F.3d 155, 161 (4th Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 351 (2007)).

In imposing a sentence, the court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as

> the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2010). The Fourth Circuit has characterized these statutory purposes in summary form as follows: to <u>punish</u> the defendant, to <u>deter</u> him and others from future crimes, to <u>incapacitate</u> the defendant

in order to protect the public, and to <u>rehabilitate</u> the defendant. *United States v. Raby*, 575 F.3d 376, 380 (4th Cir. 2009). Accordingly, the court is required to impose a sentence "sufficient, but not greater than necessary," to comply with these purposes. 18 U.S.C.A. § 3553(a).

The court must explain the reasons for its sentence, regardless of whether the sentence is above, below, or within the advisory guideline range. *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009). This explanation must contain "an 'individualized assessment' based on the particular facts of the case before [the court]." *Id.* (quoting *Gall*, 552 U.S. at 50).

I find that a sentence within the advisory guideline range in this case accurately reflects the § 3553(a) factors and the circumstances do not warrant a different sentence.[2]

II

The facts are as shown by the PSR and by the evidence received at the sentencing hearing.

Hamby is 49 years old. He went to school through the 10th grade and has worked as a cabinet maker for the majority of his adult life. He has a long criminal

---

[2] The court must "state in open court" its reasons for the sentence, 18 U.S.C.A. § 3553(c) (West Supp. 2010), and I recited the reasons that follow orally at the defendant's sentencing.

record of bad check convictions, traffic offenses, and failure to pay support. In 2008 he was sentenced in Virginia state court for aggravated sexual battery against his stepdaughter, age 15, and his wife's five-year-old niece, as well as taking indecent liberties with his six-year-old stepson.[3] These offenses occurred in 2003 and 2004, but after being charged, Hamby faked a suicide and fled. He was eventually appended in another state, returned to Virginia, and sentenced to a term of imprisonment to be followed by a term of supervision.

Hamby was incarcerated on the state sentence until January of 2010, and shortly after his release, he began downloading child pornography on his home computer. Investigators found at least 13 videos on his computer depicting young children having sexual relations with adults, including some with sadistic or masochistic images.[4] His offense level under the guidelines was increased by five levels because his offense was deemed to involve 600 or more images.

---

[3] There is also an indication in the record that the children were 13, 4, and 4, respectively. While it makes no real difference in the determination of the proper sentence, I will accept that the children were older than that, based on the recitation in the PSR. The details of the offense conduct involved cunnilingus, as well as other touching of the genitals and breast.

[4] The government has submitted under seal a sample of the videos found on Hamby's computer. The government has presented victim impact statements on behalf of several of the children shown in the images downloaded by Hamby, including the person known as "Vicky," whose pornographic images, produced by her father, have been widely circulated on the internet. *See United States v. Lindauer*, No. 3:10-cr-00023, 2011 WL 1225992, at *2 n.1 (W.D. Va. Mar. 30, 2011).

Rudy Flora, a clinical social worker and certified sex offender treatment provider, testified as an expert on behalf of the defendant in regard to the appropriate sentence. Flora treated Hamby from May of 2010 until late August of 2010, while Hamby was on state supervision, and during the period in which he was secretly downloading child pornography. His opinion is that Hamby is a "very sexually addicted individual" with a "very highly sexualized life style."

Flora believes that Hamby presently has a "moderate to high" risk of committing other sexual offenses, based in part on his failure to fully recognize the wrongfulness of his earlier conduct — Hamby saw himself as "virtuous" and claimed to Flora that he was simply "teaching" his victims about sex, because they were so curious and interested. However, Flora opines that once released from imprisonment after age 60, Hamby would have only a "moderate" risk of reoffending, provided that he receives continuing sex offender treatment, including the regular injection of prescription medication to attempt to reduce his sexual impulses. Hamby has submitted a declaration in which he indicates a willingness to undergo such drug therapy.[5]

---

[5] Flora based his opinions in part on the "Static 99" sex offender risk assessment instrument. Predictions based on this instrument have been subject to criticism. *See United States v. McIlrath*, 512 F.3d 421, 424-25 (7th Cir. 2008) (pointing out problems with efforts to predict recidivism from "the limited number of potentially relevant characteristics considered by the Static 99 algorithm").

The government has requested a sentence in the middle of the guideline range, or approximately 30 years imprisonment, while the defendant seeks a sentence below that range to the mandatory minimum of 15 years, based on his "good qualities," supportive family, and the purported unwarranted severity of his guideline range.

Hamby has recently been sentenced to a total of 25 years of imprisonment in state court for violation of his state supervision, on account of his receipt of child pornography as charged in this case. The defendant requests that his sentence run concurrently with this state sentence, while the government requests a consecutive sentence.

Some district courts have declined deference to the guideline ranges in child pornography cases based on the reasons advanced here by the defendant — the perceived severity of the guideline ranges and their origin in congressional mandate, rather than in Sentencing Commission empirical research. *See, e.g., United States v. McElheney*, 630 F. Supp. 2d 886, 895-96 (E.D. Tenn. 2009) (finding that guidelines are entitled to less weight); *United States v. Beiermann*, 599 F. Supp. 2d 1087, 1100-07 (N.D. Iowa 2009) (categorically rejecting guidelines); John Gabriel Woodlee, Note, *Congressional Manipulation of the Sentencing Guideline for Child Pornography Possession: An Argument For or Against Deference?*, 60 Duke L.J. 1015, 1016 (2011); Marcia G. Shein, *The Changing Landscape of Sentencing*

*Mitigation in Possession of Child Pornography Cases*, The Champion (Nat'l Ass'n of Criminal Def. Attorneys), May 2011, at 32, 34-36.

While I fully recognize my discretion to sentence Hamby below the guideline range based on a disagreement with the policies upon which the applicable guidelines are based, or for other reasons, I find that in this case the appropriate punishment does fall within that range.

One reason for severe punishment in cases such as this is to deter others who may be tempted to partake in child pornography, because viewing is hard to detect and may be believed by some to be harmless. Moreover, in Hamby's case he has shown by his prior criminal conduct against children that a lengthy prison sentence is appropriate in order to protect future victims. Hamby is more than a passive viewer of child pornography. He has acted out his sexual fantasies against children.

Even accepting expert Flora's opinions regarding Hamby's future risk of reoffending, such opinions, by their nature, cannot be precise. Assuming that Hamby does have a lesser chance of committing another sex crime the older he gets, provided he receives the intensive clinical treatment described by Flora, that is not sufficient to suggest leniency, based on Hamby's prior record and characteristics.

While defense counsel argues that it is wrong to assume that sex offenders are "destined" to reoffend, and that "traditional predictive tools" overstate recidivism, in Hamby's case I am not willing to assume the contrary, that is, that Hamby likely will

not reoffend. No one can predict with accuracy what an individual will do in the future, and Hamby has shown by his past criminal conduct that only the lengthy sentence suggested by the advisory guidelines will help assure that he has no further child victims.

Accordingly, I find that the need to protect the public from future crimes by the defendant, as well as the need to reflect the seriousness of his offense and deter others from similar crimes, support a sentence at the low end of the guideline range. The low end of the range is indicated in this case because it is sufficient, but not greater than necessary, to carry out these purposes.


III

The remaining issue is whether the sentence should be in addition to, or run concurrently with, Hamby's present 25-year state sentence.

In determining whether the terms should be concurrent or consecutive, I must consider the factors set forth in 18 U.S.C.A. § 3553(a). *See* 18 U.S.C.A. § 3584(b) (West 2000); U.S. Sentencing Guideline Manual ("USSG") § 5G1.3 cmt. n.3(A)(i) (2010). Based on those factors, I find that the sentence here should run concurrently with the state sentence, in order "to achieve a reasonable punishment for the present offense." USSG § 5G1.3(c) (2010).

In the first place, it is established that the revocation of Hamby's state supervision, and the resulting term of imprisonment, were because of the conduct that is the subject of the present federal offense. While technically the sentence was imposed because of the prior state convictions, as a practical matter had Hamby not committed the present offense, he would not have been sentenced to imprisonment by the state court. Moreover, I do not believe that an effective life sentence, which is what the government seeks, is proportionate and reasonable punishment for the present offense.

IV

For the foregoing reasons, the defendant will be sentenced to a term of 324 months imprisonment, to run concurrently with his present state sentence.

DATED: July 12, 2011

/s/ JAMES P. JONES
United States District Judge